PER CURIAM.
Allan A. Pore appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find merit in only one of his claims and reverse as to it. We affirm the trial court’s denial of Pore’s other claims without discussion.
Pore was sentenced to a five-year prison term for violating the terms of his community control. The community control sentence had been imposed pursuant to a plea agreement. Pore concedes he failed to complete the mental health program which was a special condition to his release.
In his rule 3.850 motion, Pore alleges he received ineffective assistance of counsel because his trial counsel told him he would be sent into a residential treatment program if he violated probation instead of to prison. Pore further alleges he would not have entered into the plea had he been aware of the potential for incarceration upon violation of his probation. In denying this claim, the court relied upon a portion of the sentencing transcript. During the plea colloquy, the trial court explained that Pore was entitled to a trial, and he would have the opportunity to call and confront witnesses. Further, the court found the probation order required completion of the mental health program. Based upon these facts, the court concluded Pore had been adequately informed of his rights.
The court’s analysis does not refute Pore’s claim that his lawyer affirmatively misled him into believing he would be placed in a residential treatment facility. The attached portion of the sentencing transcript does not address the subject of incarceration upon violation of probation. Although the order of probation does state failure to satisfy the conditions of probation could result in additional penalties, it was not signed by Pore. There is no evidence Pore ever received this order. Because the record attachments provided by the trial court do not conclusively refute Pore’s claim, we reverse and remand for an evidentiary hearing.
Affirmed in part; reversed in part; and remanded.
NORTHCUTT, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.